**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**CLEVELAND S. JONES**                                                                                           **PLAINTIFF**

V.                                          4:09CV00019 BSM

**JAY WINTERS, Sheriff, Pope County; DENNIS
MOULDER, Deputy Sheriff, Yazoo County,
Mississippi; DAVID GIBBONS, Prosecuting
Attorney; JAMES KENNEDY, Judge, Pope County;
JEFFERSON K. FAUGHT, Attorney, Pope
County; POPE COUNTY CIRCUIT COURT;
ARKANSAS PUBLIC DEFENDERS COMMISSION;
and DURHAM AND FAUGHT P.A., Attorneys at Law**                       **DEFENDANTS**

**ORDER**

Plaintiff Cleveland S. Jones filed his original complaint pursuant to 42 U.S.C. § 1983 on January 14, 2009, and his amended complaint on February 9, 2009. He was granted *in forma pauperis* status on February 11, 2009. On March 13, 2009, Magistrate Judge H. David Young denied Jones' second motion to amend complaint because the proposed second amended complaint was redundant and cannot withstand a motion to dismiss.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. In denying Jones' motion to file a second amended complaint (Doc. No. 16), Magistrate Judge H. David Young accurately set forth the factual allegations and claims of Jones as follows:

Jones commenced this proceeding on January 14, 2009, by filing a pro se complaint pursuant to 42 U.S.C. [§] 1983 and joining the following individuals as defendants: (1) Jay Winters ("Winters"), the Sheriff of Pope County, Arkansas; (2) Dennis Moulder ("Moulder"), a Deputy Sheriff for Yazoo County, Mississippi; (3) David Gibbons ("Gibbons"), the Prosecuting Attorney for Pope County, Arkansas; and (4) James Kennedy ("Kennedy"), a Circuit Court Judge for Pope County, Arkansas. See Document 2. Liberally construing Jones' complaint, he alleged the following, all of which the Court accepts as true for purposes of this Order:

      In 2001, Jones was charged in Pope County, Arkansas, Circuit Court with violating the Arkansas "hot check" statute. A warrant for his arrest was issued by Pope County, Arkansas, officials in August of 2001, but for some reason not clear from the record, the warrant was not immediately served.

      At some point, Jones came to reside or otherwise conduct business in Yazoo County, Mississippi. In 2008, or approximately seven years after the warrant was issued, Winters notified law enforcement officials around the country of the warrant and of his desire to extradite Jones from anywhere in the United States. Winters so notified law enforcement officials around the country solely at the request of Moulder, who at that time was conducting a campaign of harassment against Jones in and around Yazoo County, Mississippi. At some point, Jones was located and arrested by Mississippi law enforcement officials and extradited to Pope County, Arkansas.

      Upon arriving in Pope County, Arkansas, Jones was apparently provided with counsel, arraigned before Kennedy, and incarcerated in the county jail. Jones began to contest the validity of his arrest and incarceration, but he was retaliated against by Pope County, Arkansas, officials. In addition, his appointed attorney failed to provide competent representation and, in fact, took affirmative steps to impede Jones' release. It appears that he is still in custody awaiting trial on the "hot check" charge.

      Jones maintained that Gibbons should be required to dismiss the "hot check" charge because Pope County, Arkansas, officials have forfeited their right to proceed with the charge. Specifically, Jones maintained that they had no right to arrest, extradite, and/or incarcerate him because his right to a speedy trial has been violated and because his extradition resulted from a campaign of harassment conducted by Moulder. Jones additionally sought damages for "every day of his imprisonment." See Document 2 at 14.

      On February 9, 2009, Jones filed a submission that the Clerk of the Court construed as an amended complaint. See Document 5. The factual allegations of the amended complaint are substantially similar to the factual allegations contained in Jones' initial complaint. The two complaints differed

with regard to the individuals joined as defendants. In the amended complaint, Jones joined the following individuals as defendants: (1) Jefferson Faught ("Faught"), a Pope County, Arkansas, attorney who apparently serves as a public defender; (2) the Pope County, Arkansas, Circuit Court and/or Kennedy; (3) the Arkansas Public Defenders' Commission ("Commission"); and (4) the Law Firm of Dunham and Faught ("Law Firm"). Liberally construing Jones' amended complaint, he alleged that Faught, who served or serves as Jones' court-appointed attorney in connection with the "hot check" charge, failed to provide competent representation and, in fact, took affirmative steps to impede Jones' release. Jones also alleged that the Commission is at fault because it is ultimately responsible for Faught's misconduct as it provides oversight to the public defenders in Arkansas.

Jones asserts that he is still incarcerated in the Pope County Jail. It appears that a motion to determine fitness to proceed was filed by Dunham in February 2009, and as a result, Dr. Bradley C. Diner recommended inpatient psychiatric evaluation. In his complaint, Jones requests that the court "have this false charge and imprisonment terminated" and that he be compensated for his imprisonment.

In *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), the United States Supreme Court instructed that federal courts must abstain from proceeding with cases that would interfere with ongoing state criminal proceedings, except in very unusual circumstances. *See Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 479 (8th Cir. 1998). In determining whether to invoke the *Younger* abstention doctrine, the court must consider: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id*. "If all three questions are answered affirmatively, a federal court should abstain unless it detects bad faith, harassment, or some

extraordinary circumstance that would make abstention inappropriate." *Id*. (internal quotations omitted).

Jones' allegations concern what appears to be an ongoing state criminal prosecution, in which important state interests are implicated. Also, no allegation is made that the state courts are not capable of granting him the necessary relief if his speedy trial rights have been violated. The court finds no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate in this case. To the extent Jones seeks release from custody, his only federal remedy is a petition for writ of habeas corpus, but Jones first would have to exhaust his state court remedies. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Under these circumstances, the court concludes that it should abstain from exercising jurisdiction over Jones' claim for injunctive or discretionary relief in accordance with *Younger*.

As to Jones' claims for money damages, defendant Kennedy appears to be the state trial court judge presiding over the "hot check" charge. Judges are generally shielded from liability for damages by judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (noting, however, that a judge is not immune from liability for nonjudicial actions and is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction). The claim against defendant Kennedy for money damages is dismissed with prejudice.

Jones also asserts that the Pope County Circuit Court is at fault because Judge Kennedy appointed Faught and attempted to conceal the truth. The Pope County Circuit

Court, however, is not vulnerable to a section 1983 suit because state courts are protected by immunity under the Eleventh Amendment. *See Mildfelt v. Circuit Court of Jackson County*, 827 F.2d 343, 345 (8th Cir. 1987) (citing *Harris v. Mo. Ct. App.,* 787 F.2d 427, 429 (8th Cir. 1986). Moreover, it has been held that state courts are not "persons" subject to suit under section 1983. *Harris,* 787 F.2d at 429. The claim against defendant Pope County Circuit Court for money damages is dismissed with prejudice.

Defendant David Gibbons, the Prosecuting Attorney for Pope County, is entitled to absolute immunity when acting as an advocate for the state in a criminal prosecution. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id*. Thus, the claim for money damages against defendant Gibbons is dismissed with prejudice.

Jones alleges that defendant Jefferson K. Faught is an attorney appointed to represent him and is associated with the Arkansas Public Defender Commission, as well as Dunham and Faught P.A. Jones also alleges that Faught failed to handle his case adequately, refused to listen to him or discuss the case with him, failed to file a motion to dismiss on speedy trial grounds, and conspired with Pope County officials to force him to plead guilty to the charge. "Public defenders do not act 'under color of state law' for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel. *Rogers v. Bruntrager*, 841

F.2d 853, 856 (1988). To the extent that Jones' allegations can be read to assert a conspiracy between Faught and the other defendants, the bare allegation is insufficient to state a claim. Jones' claim for money damages against defendant Faught is dismissed with prejudice.

Similarly, Jones' allegation that the Arkansas Public Defender Commission is at fault due to their failure to monitor and prevent the violations by Faught and Dunham fail. Even assuming the Arkansas Public Defender Commission is a "person" under section 1983 and an entity capable of being sued, any action taken by the organization would have been taken in the traditional capacity as a representative of a criminal defendant. Thus, it did not act "under color of state law." Jones has also named as a defendant Dunham and Faught P.A., which does not act "under color of state law" for purposes of § 1983. The claims for money damages against defendants Arkansas Public Defender Commission and Dunham and Faught P.A. are dismissed with prejudice.

Jones claims that Pope County officials are denying him law library access in violation of his rights. The United States Supreme Court, however, has observed that it has never recognized a *pro se* criminal defendant's right to law library access under the Sixth Amendment. *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (reversing the decision to grant habeas corpus relief to a self-represented defendant who lacked access to a law library while in jail preparing for a state trial). It is well established that provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. *See*

*Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). According to Jones' allegations, he has an attorney. Jones fails to state a claim upon which relief may be granted.

It appears that the only remaining claims for money damages are against defendants Moulder and Winters. The court notes that it is possible that Jones' claims for money damages against defendants Moulder and Winters are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, a party may not, through an action under 42 U.S.C. § 1983, cast doubt on the validity of his confinement unless his judgment or commitment has first been invalidated or overturned in a state habeas corpus or similar proceeding, or through a federal petition for a writ of habeas corpus brought after exhaustion of state court remedies. Furthermore, it is possible that Jones fails to state a claim upon which relief can be granted. *See Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988) ("An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer."). Jones submits the information filed against him on August 29, 2001, alleging a violation of Arkansas Code Annotated § 5-37-302. He also submits the bench warrant issued on August 29, 2001, and executed on July 3, 2008. Jones does not assert that he did not commit the violation as alleged in the information; nor does he allege that the bench warrant was invalid at the time it was issued. He simply alleges that his speedy trial rights were violated and his extradition resulted from a campaign of harassment conducted by Moulder. The court, however, declines to rule on the merits of the claims for

monetary damages against these defendants at this time, and the case will be administratively stayed, as discussed below.

In *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999), the Eighth Circuit explained that:

> When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed.  As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

*Id*. at 603-04 (internal citations omitted).  In this case, is clear that the *Younger* abstention doctrine prevents the court from granting Jones' request to order his release.  It is possible, however, that at the conclusion of his state criminal proceedings, Jones might have a viable section 1983 claim for damages.  Accordingly, the court concludes that Jones' federal action should be stayed and administratively terminated pending the <u>final</u> <u>conclusion</u> of the state court proceedings.

Accordingly, plaintiff's complaint for injunctive or discretionary relief and for monetary damages against defendants Winters and Moulder are stayed and administratively terminated  pending the <u>final</u> <u>conclusion</u> of the state court proceedings, at which point plaintiff may petition the court to reopen his case.  Plaintiff's claims for money damages against defendants Kennedy, Pope County Circuit Court, Gibbons, Faught Arkansas Public Defender Commission, and Dunham and Faught P.A., and any claim for money damages for

8

denial of law library access are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED this 19th day of March, 2009.


_____
UNITED STATES DISTRICT JUDGE